IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION



FILED

DEC 29 2023

IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By _____

|  |  |
|---|---|
| DeAnna COLEMAN, | ) |
| AUGUSTINE PEREZ, | ) |
| Plaintiffs | ) |
| V. | ) |
|  | ) |
| CHASE MAUNEY,FEDERAL P.O. | ) |
| MAUNEY'S SUPERVISOR, USPO | ) |
| A.D. MOSQUEDA, DEA, TFO | ) |
| ROCKINGHAM COUNTY | ) |
| SAMUEL S. PAGE, SHERIFF | ) |
| J. TEJEDA, DET. SERGEANT | ) |
| C.T. UNDERWOOD, DETECTIVE | ) |
| L.S. THOMPSON, DETECTIVE | ) |
| J. REVIS,DETECTIVE | ) |
| M.W. COCKMAN, ADA | ) |
| COUNTY'S & DEFT. SURETY | ) |
| Defendants | ) |

CASE NO. 23CV1127

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

**I. THE PARTIES TO THIS COMPLAINT:**

    **A.** THE PLAINTIFFS- DeAnna Coleman, 140 Teal Drive, Reidsville, N.C. 27320; Augustine Perez, reg. no. 19850-054, F.C.I. Ashland, P.O. BOX 6001, Ashland, Kentucky 41105.

    **B.** THE DEFENDANTS- (1) Chase Mauney, Federal Probation Officer, Federal Probation & Parole, 251 N. Main Street,#840, Winston Salem, N.C. 27101, Tel. #336-631-5111; (2) Mauney's supervisor, address is same as above; (3) Adam D. Mosqueda, DEA Task Force Officer,(TFO), 1801 Stanley Rd., Greensboro, N.C. 27407, Tel.#336-547-4210; (4) Rockingham County, Mark F. Richardson, Commissioner of Rockingham County, 636 King st., Reidsville, N.C. 27320: (5) Samuel S. Page, Sheriff of Rockingham County, 170 NC Hwy 65, Reidsville, N.C. 27320; (6) J.Tejeda, Sergeant #51; (7) C.T. Underwood, Detective,#2111, (8) L.S. Thompson, Detective,#2448; (9) J. Revis, Detective.

Defendants #6 thru 9 are employed by the Rockinham
County Sheriff's Office at 170 NC Hwy 65, Reidsville,
N.C. 27320; (10) Mathew W. Cockman, Assistant District
Attorney, P.O. Box 35, Wentworth, N.C. 27375; (11) De-
fendants' surety bond.

## II. BASIS FOR JURISDICTION

Jurisdiction against the three federal officers and the State
officials, (the defendants), acting in their individual and official
capacity, formed a conspiracy to conduct illegal searches and seizures,
which violated Plaintiffs' Fourth, Fifth, Sixth and Fourteenth
Amendments, cognizable under 28 U.S.C. §1331; Bivins v. Six Unknown
Named Agents Of Federal Bureau of Narcotics, 403 U.S. 388 (1971);
42 U.S.C. §§§ 1983, 1985 and 1986, respectively.

## III. STATEMENT OF CLAIMS

1. Defendant Mauney, his supervisor and others acted on informa-
tion from an informant/tipster whom obviously harbored a personal
animosity against the Plaintiffs, without investigating or corro-
borating the veracity and reliability of the information, when the
informant is an admitted perjurer.

2. Defendant Mauney, his supervisor and others knew or should
have known that Perez's condition of supervised release does not
"clearly express" consent to warrantless searches of any "residences"
nor was that "unambiguously" conveyed as required by established law.

3. Defendant Mauney and his supervisor formed a conspiracy
with local detectives to conduct warrantless searches of two resi-
dences, a vehicle and then fabricated reasonable suspicion or pro-
bable cause.

-2-

4. Municipalities and local governments are liable for their elected officials' failure to adequately train and supervise their minions.

5. Defendant Page is the final policymaker for law enforcement for Rockingham County. He failed to adequately train and supervise his minions. He failed to respond and act on complaints exposing corruption, which establish an unconstitutional practice and custom that condones and enables illegal behavior.

6. Defendant Mauney, his supervisor, Mosqueda, Tejeda, Underwood and Thompson, in their individual and official capacity, knowingly, recklessly with deliberate indifference to established rights, conspired together and with others, invaded residences without a warrant, probable cause, exigent circumstances, consent and, beyond the scope of the search condition. The result of inadequate training and supervision.

7. Defendant Tejeda was the sergeant and supervisor on the scene who participated in the illegal conspiracy to search where valuables were stolen. He also failed to ensure that an inventory list was left or served on the Plaintiff before leaving the house as required under N.C.G.S. 15A-254 and Rule 41(f), Fed.R.Crim.P.

8. The defendants deliberately claimed erroneously that the electric bill at the Teal Drive residence was in Perez's name. Defendant Revis' role was to falsify his warrant application that the K-9 alerted to the van, when the defendants had decided to search residences and seized the van long before seeing the pill bottle, and before the K-9 arrived on the scene.

9. The defendants knew or should have known that it's illegal

to search, assume the substance discovered is cocaine, then ask for consent to search that was denied, and then get search warrant based solely on the powder mistaken as cocaine, despite drug-test kits and K-9 on the scene.

10. The lack of adequate training, supervision and experience also resulted in a State warrant that's invalid on its face in every respect imaginable. No neutral and detached Judge would have rubber-stamped that warrant.

11. The defendants knew or should have known that when federal officers initiated, participated and seized evidence from the search, that Rule 41, Fed.R.Crim.P. controls, and the warrant should have been issued by a U.S. Magistrate Judge.

12. Defendants DEA-TFO Mosqueda, Tejeda, Underwood and Thompson, in their individual and official capacity, knowingly, with malice did form separate nefarious conspiracy to ran-sack the Teal Drive residence, while executing the search warrant. Because of the overt acts, it was months after the search before Plaintiffs learned that a lifetime collection of jewelry was stolen along with $4,445.00 from the $29,770.00 that was actually seized.

## OVERT ACTS

A. Anita Perez was permitted to stay in her house while it was being searched. However, Ms. Coleman was forced to stay outside to keep her from observing the search of her house.

B. Because there were security cameras inside the house too, Underwood came outside and asked Plaintiff to cut them off. She said no.

C. They then dislodged the camera off the wall and disconnected

-4-

it to stop it from recording the bedroom where the jewelry and money were located. No other camera in the house was disconnected.

D. The digital security recorder was seized to erase what it recorded before it was dismantled.

E. The inventory list was not prepared or provided until three months after the search. This unreasonable delay served to give them time to get rid of the jewelry, while everyone assumed it was seized as evidence,     before anyone realized that it was actually stolen.

F. The inventory list does not account for the money taken from Plaintiff's purse, Perez's wallet, the amount taken from behind mirror, the amount in the nylon bag, and no jewelry is reflected albeit a substantial amount of jewelry was taken.

13. Defendants Mosqueda, searched the bedroom where the jewerly and money went missing. He asserted that the money was rapped with rubber-bans in $1,000 increments. Not only did he failed to count 28 rubber-bans, but he took a picture showing loose $20.00 bills in his hand. Meaning, someone removed some rubber-bans nor can he explain the odd $325.00

14. Mosqueda erroneously removed the money from the Court with original jurisdiction, when it was seized pursuant to a State warrant. This deprived Perez the right to be heard on assets needed to retain counsel of choice in the State case.

15. Mosqueda's declaration, seeking civil forfeiture of the money, deliberately committed a Franks violation upon asserting that bars totaling 8 ounces "is likely fentanyl" seven months after it was seized.

Case 1:23-cv-01127-FWV-OJA    Document 1    Filed 12/29/23    Page 5 of 7

16. Defendants Page, Cockman, Tejeda, Underwood and Thompson, in their individual and official capacity, conspired to cover-up the corruption. Plaintiffs' verbal and declaratory complaints were ignored and no meaningful investigation was conducted.

17. Defendants Cockman, Tejeda, Underwood and Thompson, with reckless disregard and deliberate indifference, maliciously conspired, aided and abetted, before and after the fact, the theft of Piantiffs' personal and legal mail from Ms. Coleman's mail-box.

18. Defendant Cockman, in his individual and official capacity, recklessly with deliberate indifference to established rights, engaged in unlawful, unethetical, and prejudicial behavior merely because Plaintiffs' exercised their constitutional rights.

19. The memorandum of law in support with exhibits are incorporated by reference as if set forth in total hereunder.

## COMPENSORY DAMAGES

Plaintiffs' seek $800,000 in damages for the lost of ten (10) watches, seven (7) diamond rings, two (2) diamond bracelets, two (2) gold bracelets, and a 22 inch chain with cross. The erroneous search, seizures and, deprivation of $29,770.00 in U.S. Currency, a Town & Country van and liberty. The anxiety, humiliation, embarrasment, mental and finacial distress due to the malicious violations of Constitutional rights.

## PUNITIVE DAMAGES

Punitive damages should be Five Million Dollars, ($5,000,000). Two million should be paid by federal officers for initiating the conspiracy that flagrantly violated Plaintiffs' Fourth Amendment rights. Rockingham County and Sheriff Page's surety bond should pay the remaining three million. The previous settlement against

Page's deputies for 1.2 million was obviously insufficient to implement adequate training and supervision. It was not enough to eradicate the clearly incompetent and corrupt officers. Instead, Page made a public statement that basically empowered his minions to act lawlessly and run rampant with impunity.

Defendants Mosqueda is employed by Rockingham County Sheriff's Office. He's merely assigned to the DEA as a Task Officer; Thus, Mosqueda, Tejeda, Underwood and Thompson should be fired and prohibited from working in law enforcement, because of their corrupt behavior and violating the public's trust. Assistant District Attorney, Cockman should be barred from practicing law for his many unlawful misconduct including, but not limited to, committing a federal crime pursuant to 18 U.S.C. §§§ 371, 242, 1708 and 2.

Respectfully Submitted

_DeAnna Coleman/Plaintiff_

_Augustine Perez/Plaintiff_

on this 29ᵗʰ day of December 2023

DeAnna Coleman
140 Teal Drive
Reidsville, N.C. 27320

Augustine Perez, #19850-054
F.C.I. Ashland, P.O. Box 6001
Ashland, Kentucky 41105