IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

DEANNA COLEMAN and
AUGUSTINE PEREZ,

       Plaintiffs,

v.                                                                                   CIVIL ACTION NO. 1:23-cv-01127

CHASE MAUNEY,
SHERIFF SAMUEL SCOTT PAGE,
*Rockingham County Sheriff*,
ADAM D MOSQUEDA,
*DEA Task Force Officer*,
J TEJEDA,
C T UNDERWOOD,
L S THOMPSON,
J REVIS,
*Officer with the Reidsville Police Department,*
CHRISTOPHER BERSCH,
*Supervising United States Probation Officer*,
KEVIN BERGER
*Commissioner of Rockingham County*,

       Defendants.


**<u>MEMORANDUM OPINION AND ORDER</u>**

       Pending are (1) Plaintiff Augustine Perez's Application to Proceed without Prepaying Fees or Costs [ECF 11], filed April 4, 2024, (2) Defendant J. Revis' Motion to Dismiss [ECF 12], filed April 18, 2024, and (3) Defendants Chase Mauney, Christopher Bersch, and A.D. Mosqueda's Motion to Dismiss [ECF 21], filed August 6, 2024.

**I.**

*A.     United States v. Perez, Case No. 6:90-cr-00112*

In 1991, Mr. Perez was convicted in the United States District Court for the Western District of Virginia of (1) one count of Conspiracy to Possess With Intent to Distribute Cocaine in violation of 21 U.S.C. § 846 (Count 1), (2) one count of Continuing Criminal Enterprise in violation of 21 U.S.C. § 848 (Count 2), (3) three counts of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) (Counts 3, 12, 17), and (4) four counts of Distribution of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 4, 9, 10, 16). *United States v. Perez*, Case No. 6:90-cr-00112 (March 15, 1991), ECF 12. He was sentenced on March 15, 1991, to 322 months of incarceration, followed by ten years of supervised release. *United States v. Perez*, Case No. 1:20-cr-00083 (M.D.N.C. Feb. 27, 2020), ECF 1-2. The terms and conditions of Mr. Perez's supervised release required him to (1) "permit a probation officer to visit him . . . at any time at home or elsewhere and . . . permit confiscation of any contraband observed in plain view by the probation officer," (2) "submit to warrantless search and seizures of person and property as directed by the Probation Office," and (3) "as directed by the probation officer, . . . notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics." *Id.* Jurisdiction over Mr. Perez's supervised release was later transferred to the Middle District of North Carolina pursuant to a Transfer of Jurisdiction dated February 21, 2020. *Id.*, ECF 1.

On January 4, 2021, probation officers, in coordination with the Reidsville Police Department and Rockingham County Sheriff's Department, conducted "probationary," warrantless searches of two of Mr. Perez's real properties -- his primary residence at 721 Lawndale

Drive and a home at 140 Teal Drive, at which Mr. Perez claims to have lived previously -- as well as his vehicle. *United States v. $25,325.00 in U.S. Currency*, No. 1:21CV584, ECF 1-1 at 3; [ECF 2 at 1–3]. Officers first detained Mr. Perez at his home at 721 Lawndale Drive and arranged for a K-9 search of his vehicle's exterior. *Id.* According to officers, the K-9 alerted on the vehicle. *Id.* Officers then searched the vehicle and discovered an alleged "hidden compartment" but no contraband. *Id.*

During the search of 721 Lawndale, officers located a bottle of Mr. Perez's prescription medication bearing the 140 Teal address and claimed to have found an electric bill for the Teal address in Mr. Perez's name. [ECF 2 at 2]. Officers proceeded to the 140 Teal property, which was then being rented by Ms. Coleman, and performed a warrantless search of the property without Ms. Coleman's consent. [*Id.* at 2–3]. After discovering a white powder in a drink container and in a kitchen cabinet that officers claim to have believed were controlled substances, they again asked for consent to search the property, which Ms. Coleman denied. [*Id.* at 3]. Officers then applied for and received a warrant to search the rest of the property. [*Id.*] In executing the warrant, officers seized over $25,000 in U.S. currency, firearms, controlled substances, and other items. [ECF 22 at 6–7].

The day after the searches, Mr. Perez's Probation Officer filed a Supervised Release Violation Petition, and an Arrest Warrant was issued for Mr. Perez. *United States v. Perez*, Case No. 1:20-cr-00083, ECF 11. Mr. Perez was also charged and convicted in state court with offenses related to the firearms and controlled substances found in 140 Teal. On June 22, 2022, the Middle District of North Carolina determined that Mr. Perez had violated the terms and conditions of his supervised release, revoked his supervised release, and sentenced him to a 46-month term of incarceration. *Id.*, ECFs 24, 28.

B.  *United States v. $25,325.00 in U.S. Currency, Case No. 1:21-cv-00584*

On July 21, 2021, the Government filed a civil asset forfeiture action, seeking forfeiture of $25,325.00 in U.S. Currency seized from Plaintiffs during the January 4, 2021, searches. Summary judgment was granted to the Government on November 9, 2023, based on the Court's finding that the United States was entitled to forfeiture. *See United States v. $25,325.00 in U.S. Currency*, No. 1:21CV584, 2023 WL 7409254 (M.D.N.C. Nov. 9, 2023), *appeal docketed*, No. 23-7280 (4th Cir. Dec. 19, 2023). That Order is currently on appeal.

C.  *The Instant Case*

Plaintiffs instituted this action on December 29, 2023, by filing a pro se Complaint [ECF 1] and Memorandum in Support [ECF 2], seeking relief for alleged violations of their constitutional and civil rights pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1983, 1985, and 1986, against Defendants (1) Chase Mauney, Federal Probation Officer, (2) John Doe, Mauney's Supervisor, who was later identified as Christopher Bersch, (3) Adam D. Mosqueda, DEA Task Force Officer, (4) Mark F. Richardson, Commissioner of Rockingham County, (5) Samuel S. Page, Sheriff of Rockingham County, (6) J. Tejeda, Sergeant # 51 with the Rockingham County Sheriff's Office, (7) C.T. Underwood, Detective # 2111 with the Rockingham County Sheriff's Office, (8) L.S. Thompson, Detective # 2448 with the Rockingham County Sheriff's Office, (9) J. Revis, Detective with the Rockingham County Sheriff's Office, and (10) Mathew W. Cockman, Assistant District Attorney. Plaintiffs allege that on January 4, 2021, the Defendants, "acting in their individual and official capacity[ies]," conspired to conduct and conducted warrantless searches and seizures of certain of Mr. Perez's property, including a house being rented by Ms. Coleman. [*Id.* at 2]. Plaintiffs contend

that these searches exceeded the scope of the supervised release condition related to search and seizure and that the warrant later obtained was invalid. Thus, Plaintiffs allege that Defendants' actions in planning and carrying out the searches on January 4, 2021, violated Plaintiffs' rights under the Fourth, Fifth, Sixth and Fourteenth Amendments.

On April 4, 2024, Mr. Perez filed an Application to Proceed without Prepayment of Fees and Costs [ECF 11] and supplemented the application on May 30, 2024 [ECF 19]. On April 18, 2024, Defendant Revis moved to dismiss the Complaint, arguing he is entitled to qualified immunity and Plaintiffs fail to state a claim against him, in either his official or individual capacities. [ECF 12]. Defendants Mauney, Bersch, and Mosqueda moved to dismiss on August 6, 2024, contending that (1) the Court lacked subject matter jurisdiction over Plaintiffs' *Bivens* claims, (2) they are entitled to qualified immunity, (3) the doctrine of collateral estoppel precludes Plaintiffs' claims regarding allegedly improper searches, Mr. Perez's supervised release conditions, the issuance of a search warrant, and Defendant Mosqueda's affidavit in the civil forfeiture action, and (4) Plaintiffs' fail to state a claim under 42 U.S.C. §§ 1985 and 1986. [ECF 21]. Plaintiffs timely responded to each motion [ECFs 18, 25], and Defendants replied [ECFs 20, 26].

The action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R [ECF 32] on January 31, 2025, recommending that the Court grant Defendant Revis' Motion to Dismiss [ECF 12], grant Defendants Mauney, Bersch, and Mosqueda's Motion to Dismiss [ECF 21], deny Plaintiff Perez's Application to Proceed Without Prepaying Fees or Costs [ECF 11], and refer the matter anew to Magistrate Judge Aboulhosn for further proceedings on Plaintiff Coleman's claims against Defendants Beger, Page,

5

Tejeda, Underwood, Thompson, and Cockman. [ECF 32 at 60]. Objections to the PF&R were due by February 17, 2025. No objections were filed by that date. However, on February 20, 2025, Plaintiffs moved for an extension of time to object to the PF&R. [ECF 34]. The Court granted that motion on February 24, 2025, [ECF 35], giving Plaintiffs until March 11, 2025, to file objections.

On March 11, 2025, Plaintiffs filed their Objections [ECF 36]. Defendants responded to those objections on March 18, 2025. [ECFs 40, 41]. The matter is ready for adjudication.

**II.**

Federal law provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see Samples v. Ballard*, 860 F.3d 266, 272. Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal. *See id.*; *see also Thomas v. Arn*, 474 U.S. 140 (1985) (stating that review of a magistrate judge's factual or legal conclusions is not required as to those portions of the findings or recommendation to which no objections are addressed); *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (noting parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). "Moreover, a general objection to a magistrate judge's findings is not sufficient [to trigger de novo review] -- 'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) (quoting *United States v. Midgette*, 478 F.3d 626, 621–22 (4th Cir. 2007)); *see*

6

*Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held de novo review to be unnecessary . . . when a party makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations.").

### III.

Plaintiffs make several objections to Magistrate Judge Aboulhosn's[1] PF&R, only some of which require review.

---

[1] Plaintiffs repeatedly refer to Magistrate Judge Aboulhosn as "the magistrate." *See* [ECF 36 at 1, 3, 8 n.2, 9, 13, 14]. "A December 1, 1990 Act of Congress changed the title of federal Magistrate Judges from 'Magistrate' to 'Magistrate Judge.' Thus, although some state courts . . . have judicial officers called a 'magistrate,' the proper way to address and refer to federal Article I judges . . . is 'United States Magistrate Judge.'" *Coriz v. Rodriguez*, 350 F. Supp. 3d 1044, 1051 n.2 (D.N.M. 2018); *see also* Judicial Improvements Act of 1990, Pub. L. No. 101-650, § 321, 104 Stat. 5089 (1990); H.R. Rep. No. 734, 101st Cong., 2d Sess. 31 (1990), *reprinted at* 1990 U.S.C.C.A.N. 6877; Dena H. Palermo, *Update: A Magistrate Judge By Any Other Name Is Still a Federal Judge*, The Federal Lawyer, Vol. 72, Issue 1, p. 25 (Winter 2025) ("Congress adopted the title of United States Magistrate Judge to reflect the role [magistrate judges] play in reviewing the burgeoning caseloads in the United States District Courts and the corresponding burdens on district judges. Thus, magistrate judges are judges of the district court . . . ." (citation omitted)). Accordingly, the Court expects Plaintiffs to henceforth refer to Magistrate Judge Aboulhosn by his correct judicial title.

Plaintiffs also repeatedly cast aspersions on the Court and Magistrate Judge Aboulhosn. *See, e.g.,* [ECF 36 at 1 (claiming that Magistrate Judge Aboulhosn's inclusion of information regarding Mr. Perez's past judicial remedies and collateral filings was "for prejudicial effect"); *id.* at 3 (arguing that Magistrate Judge Aboulhosn's recommendations "escaped the reality depicted by the facts and the case law which apply"); *id.* at 7 ("It is no surprise that these proceedings . . . ignored all the foregoing principles."); *id.* at 8 n.2 (claiming that, as is "evident from the slanted review," Magistrate Judge Aboulhosn was "tainted" by Plaintiffs' communications with the Court); *id.* at 9 ("The Magistrate, *sua sponte*, presented further argument via a litany of alternatives that do not redress civil rights violations . . . while claiming it's improper to formulate arguments for a party."); *id.* at 13 (arguing that Magistrate Judge Aboulhosn "gave little weight to the concrete facts" and "chose to ignore significant facts and laws")].

The *ad hominem* remarks are both unnecessary and detract from the force of the proper objections lodged. Plaintiffs are cautioned to desist from any future, similar incivility.

*A.      Objection to Inclusion of Related Case Information*

First, Plaintiffs object to inclusion of certain information from Mr. Perez's criminal action and the civil forfeiture action. In determining the constitutionality of a search in a civil rights action, a court may consider information from prior related cases, including the underlying criminal action. Defendants Mauney, Bersch, and Mosqueda moved to dismiss, asserting, in part, that the doctrine of collateral estoppel -- which bars relitigation of issues decided in criminal proceedings in subsequent civil rights actions -- precludes Plaintiffs' claims. The applicability of that doctrine turns on whether the specific issues were fully and fairly litigated in the state court. *See Haring v. Prosise*, 462 U.S. 306 (1983); *see also Megaro v. McCollum*, 66 F.4th 151, 159 (4th Cir. 2023); *In re McNallen*, 62 F.3d 619, 624 (4th Cir. 1995). Thus, the inquiry requires a thorough review of the prior cases to determine the doctrine's applicability.

And that is the precise inquiry that Magistrate Judge Aboulhosn expertly undertook. The challenged information was properly included in the PF&R, and Plaintiffs agree with Magistrate Judge Aboulhosn's determination that the doctrine does not apply in this case. Accordingly, Plaintiffs' objection to the inclusion of this information is **OVERRULED**.

*B.      Objections to Dismissal of Individual Capacity Claims Against Defendant Revis*

Plaintiffs next object to Magistrate Judge Aboulhosn's recommendation that Defendant Revis' dismissal motion be granted.

In their Complaint, Plaintiffs make a single assertion against Defendant Revis by name, claiming that "Defendant Revis' role was to falsify his warrant application that the K-9 alerted to the van, when the defendants had decided to search residences and seized the van long before seeing the pill bottle, and before the K-9 arrived on the scene." [ECF 1 at 3]. On April 18,

2024, Defendant Revis moved to dismiss the claims against him in his individual capacity, arguing that Plaintiffs fail to plead sufficient facts to state a plausible claim and that he is entitled to qualified immunity. [ECFs 12, 13]. As noted by Magistrate Judge Aboulhosn, "Defendant Revis appears to acknowledge that the Fourth Amendment right . . . [against] unreasonable search and seizure was clearly established at the time of the allegation violation." [ECF 32 at 30]. However, Defendant Revis contends that "[a] reasonable officer in [his] position would have no reason to believe that he was violating Plaintiffs' rights by including in the warrant application information that he had been provided by the K-9 officer that the K-9 gave a positive alert on the car." [ECF 13 at 7]. He further asserts that "Plaintiffs can point to no case law that [he] violated any clearly established law" and that he "is entitled to qualified immunity as a result." [*Id.* at 7–8]. Magistrate Judge Aboulhosn agreed with that contention, finding that "Plaintiffs fail to allege adequate facts to support the conclusion that Defendant Revis presented a 'false' statement in his Application for Search Warrant" but that "[e]ven assuming Plaintiffs' factual allegation supported their conclusion . . . Plaintiffs still fail to allege a plausible claim." [ECF 32 at 34]. Accordingly, Magistrate Judge Aboulhosn recommends that the Court grant Defendant Revis' motion to dismiss.

  Plaintiffs object to that recommendation, asserting that Defendant Revis is not entitled to qualified immunity "for his participation in the conspiracy to violate the Fourth Amendment." [ECF 36 at 3]. They assert that Magistrate Judge Aboulhosn erred in granting qualified immunity to Defendant Revis by (1) "fail[ing] to reconcile some obvious inconsistencies in Revis' version" of events giving rise to the claims [ECF 36 at 3], (2) "clearly fail[ing]" to accept as true the factual allegations contained in Plaintiffs' complaint or to draw all reasonable inferences in Plaintiffs' favor [*Id.* at 4], and (3) concluding that Plaintiffs' factual allegations were conclusory and insufficient to establish plausible claims for relief.

1. **Failure to State a Claim Upon Which Relief Can Be Granted**

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The required "short and plain statement" under Rule 8 must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). A showing of an "entitlement to relief" requires "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to *prove* the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted) (emphasis added); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Twombly*, 550 U.S. at 555 (stating that the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level"). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson*, 679 F.3d at 288. "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion to dismiss, courts are required to analyze the motion without resolving factual disputes. Rather, courts must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555-56); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (citing *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). They are then required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Plaintiffs' Complaint is devoid of any facts supporting their contention that Defendant Revis was involved in a conspiracy and knowingly falsified the warrant application. Plaintiffs' pro se filings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022). "However, liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff,' but only to determine the actual meaning of the words used in the [pleading].'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey,* 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that liberal construction does not require "courts to conjure up questions never squarely presented to them").

Plaintiffs conclude -- based entirely on their own interpretation of the K-9's actions during the search of Mr. Perez's vehicle -- that the K-9 officer's statements regarding the alert were false and that Defendant Revis was aware of their falsity when applying for the search warrant. They also assume, without support, that the meeting between law enforcement departments is concrete proof of a conspiracy. They are incorrect. Plaintiffs failed to plead sufficient factual allegations to support their claims.

### 2. Qualified Immunity

Had Plaintiffs provided the necessary allegations, Defendant Revis would still be entitled to qualified immunity. As summarized by Magistrate Judge Aboulhosn,

> [i]n determining the validity of a qualified immunity defense, the Court should be guided by a two-prong test: (1) whether the facts viewed in the light most favorable to the plaintiff establish a deprivation of an actual constitutional right; and (2) whether that right was clearly established at the time of the purported violation. [*Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982))]. The sequence of the steps is immaterial following *Pearson*. The Court may exercise discretion in deciding which of the two prongs "should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818. "A constitutional right is 'clearly established' when its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013) (internal quotation marks and citations omitted).

[ECF 32 at 29]. Stated another way, the second prong of the *Pearson* test requires the Court to "consider whether the constitutional right violated 'was clearly established *in the specific context of the case*—that is, [whether] it was clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted.'" *Merch. v. Bauer*, 677 F.3d 656, 662 (4th Cir. 2012) (quoting *Figg v. Schroeder,* 312 F.3d 625, 635 (4th Cir. 2002) (internal quotation marks omitted)).

12

Plaintiffs claim, without supporting factual allegations, the K-9 that searched Mr. Perez's vehicle did not alert. Defendant Revis, who is not a registered K-9 handler, relied on his fellow officer's notification of a positive alert to establish probable cause for a search warrant. That reliance is common and certainly not unlawful. Plaintiffs offer no clearly established law illustrating Defendant Revis was unreasonable in his reliance. *See Florida v. Harris*, 568 U.S. 237, 246–47 (2013) (stating that "a court can presume (subject to any conflicting evidence offered)" that a positive alert from a trained and certified drug detection dog "provides probable cause to search"); *see also United States v. Green*, 740 F.3d 275, 282 (4th Cir. 2014) ("Probable cause to conduct a search based on a drug-detection dog's alert exists when the totality of the circumstances, viewed through the lens of common sense, would make a reasonably prudent person think that a search would reveal contraband or evidence of a crime.) (internal quotation marks and citations omitted).

Accordingly, the Court **OVERRULES** Plaintiffs' objections to Magistrate Judge Aboulhosn's recommendation that Defendant Revis' motion be granted.

C.  *Objections to Dismissal of Defendants Mauney, Bersch, and Mosqueda*

Plaintiffs next object to Magistrate Judge Aboulhosn's recommended dismissal of Plaintiffs' claims against Defendants Mauney, Bersch, and Mosqueda, in their individual capacities. Plaintiffs' allegations against these Defendants are as follows:

1. Defendant Mauney, his supervisor and others acted on information from an informant/tipster whom obviously harbored a personal animosity against the Plaintiffs, without investigating or corroborating the veracity and reliability of the information, when the informant is an admitted perjurer.

2. Defendant Mauney, his supervisor and others knew or should have known that Perez's condition of supervised release does not "clearly express" consent to

13

warrantless searches of any "residences" nor was that "unambiguously" conveyed as required by established law.

3. Defendant Mauney and his supervisor formed a conspiracy with local detectives to conduct warrantless searches of two residences, a vehicle and then fabricated reasonable suspicion or probable cause.

. . .

6. Defendant Mauney, his supervisor, Mosqueda . . . in their individual and official capacity, knowingly, recklessly with deliberate indifference to established rights, conspired together and with others, invaded residences without a warrant, probable cause, exigent circumstances, consent and, beyond the scope of the search condition.

. . .

8. The defendants deliberately claimed erroneously that the electric bill at ·the Teal Drive residence was in Perez 's name.

9. The defendants knew or should have known that it's illegal to search, assume the substance discovered is cocaine, then ask for consent to search that was denied, and then get search warrant based solely on the powder mistaken as cocaine, despite drug-test kits and K-9 on the scene.

. . .

11. The defendants knew or should have known that when federal officers initiated, participated and seized evidence from the search, that Rule 41, Fed.R.Crim.P. controls, and the warrant should have been issued by a U.S. Magistrate Judge.

12. Defendant[ ] DEA-TFO Mosqueda . . . in [his] individual and official capacity, knowingly, with malice did form separate nefarious conspiracy to ran-sack the Teal Drive residence, while executing the search warrant. Because of the overt acts, it was months after the search before Plaintiffs learned that a lifetime collection of jewelry was stolen along with $4,445.00 from the $29,770.00 that was actually seized.

13. Defendants Mosqueda searched the bedroom where the jewelry and money went missing. He asserted that the money was rapped with rubber-bans in $1,000 increments. Not only did he failed to count 28 rubber-bans, but he took a picture showing loose $20. 00 bills in his hand. Meaning, someone removed some rubber-bans nor can he explain the odd $325.00.

14. Mosqueda erroneously removed the money from the Court with original jurisdiction, when it was seized pursuant to a State warrant. This deprived Perez

14

Case 1:23-cv-01127-FWV-OJA     Document 42     Filed 03/28/25     Page 14 of 18

> the right to be heard on assets needed to retain counsel of choice in the State case.
>
> 15. Mosqueda's declaration, seeking civil forfeiture of the money, deliberately committed a Franks violation upon asserting that bars totaling 8 ounces "is likely fentanyl" seven months after it was seized.

[ECF 1 at ¶¶ 1–3, 6, 8–9, 11–15 (errors in original)].

On August 6, 2024, Defendants Mauney, Bersch, and Mosqueda filed their joint Motion to Dismiss [ECF 21]. They contend that (1) Plaintiffs' *Bivens* claims against them in their official capacities should be dismissed for lack of subject matter jurisdiction, (2) Plaintiffs' *Bivens* claims against them in their individual capacities should be dismissed for failure to state a claim upon which relief may be granted, (3) Plaintiffs' claims under 42 U.S.C § 1983 should be dismissed for lack of subject matter jurisdiction, and (4) Plaintiffs' claims under 42 U.S.C. §§ 1985 and 1986 should be dismissed for failure to state a claim upon which relief may be granted.

In his PF&R, Magistrate Judge Aboulhosn concludes that the Court lacks subject matter jurisdiction over Plaintiffs' *Bivens* and § 1983 claims against Defendants Mauney, Bersch, and Mosqueda in their official capacities. [ECF 32 at 36–37, 52]. He finds that Plaintiffs' Fourth and Fifth Amendment claims against those Defendants present a new *Bivens* context that is meaningfully different from the three cases in which the Supreme Court has implied a damages action and further concludes that special factors counsel hesitation as to the expansion of *Bivens* to Plaintiffs' Fourth and Fifth Amendment claims. [*Id.* at 37–51]. Lastly, Magistrate Judge Aboulhosn states that Plaintiffs fail to state a claim for which relief may be granted under Sections 1985 and 1986, because they neither allege that Defendants engaged in a conspiracy to deprive them of the equal protection of the laws or of equal privileges and immunities under the laws of the United States nor specifically allege non-conclusory, concrete facts with respect to each of the four elements required to prove a Section 1985(3) claim. [*Id.* at 52–54]. For these reasons,

Magistrate Judge Aboulhosn recommends the Court dismiss Plaintiffs' claims against Defendants Mauney, Bersch, and Mosqueda in both their official and individual capacities. [*Id.* at 60].

Plaintiffs object to Magistrate Judge Aboulhosn's recommendation of dismissal. Their objections, however, fall well short of being sufficiently specific "so as reasonably to alert the [Court] of the true ground for the objection." *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) (quoting *United States v. Midgette*, 478 F.3d 626, 621–22 (4th Cir. 2007)). Rather, Plaintiffs merely attempt to rehash their allegations against the Defendants -- including those who have not moved for dismissal -- before arguing that "their claims are cognizable and entitled to relief on the numerous Fourth Amendment violations." [ECF 36 at 5–10]. Insofar as these general conclusory statements do not alert the Court to the grounds for the objection, they need not be considered and are **OVERRULED**.

D.   *Objection to Denial of Application to Proceed without Prepayment of Fees and Costs*

Finally, Plaintiffs object to Magistrate Judge Aboulhosn's recommendation that the Court deny Mr. Perez's Application to Proceed without Prepayment of Fees and Costs.

In view of the recommended dismissals earlier recited, Magistrate Judge Aboulhosn limits his consideration of Mr. Perez's Application to Mr. Perez's allegations "as they related to the remaining defendants (Defendants Beger, Page, Tejeda, Underwood, Thompson, and Cockman)." [ECF 32 at 55]. Magistrate Judge Aboulhosn first concludes that, for the same reasons that Plaintiffs' claims under Sections 1985 and 1986 fail as to Defendants Mauney, Bersch, and Mosqueda, Mr. Perez has not stated a claim for which relief may be granted as against the remaining Defendants.

> [Mr.] Perez does not allege that Defendants Beger, Page, Tejeda, Underwood, Thompson, and Cockman engaged in a conspiracy to deprive him of the equal

16

> protection of the laws or of equal privileges and immunities under the laws of the United States. Moreover, [Mr.] Perez has not specifically alleged concrete facts with respect to each of the four elements required to prove a Section 1985(3) claim as set forth above. [Mr.] Perez's allegations are conclusory.

[*Id.* at 55–56]. Accordingly, Magistrate Judge Aboulhosn recommends dismissal of Mr. Perez's Section 1985 and Section 1986 claims against Defendants Beger, Page, Tejeda, Underwood, Thompson, and Cockman for failure to state a cognizable claim. [*Id.* at 56].

Next, Magistrate Judge Aboulhosn considers Mr. Perez's allegations "that Defendant Page (Rockingham County Sheriff) and Defendant Beger (Commissioner of Rockingham County) 'failed to adequately train and supervise their minions.'" [*Id.* (quoting [ECFs 1, 2, 4])]. He concludes that Plaintiffs' claims against Defendants Page and Beger "are essentially claims against the Rockingham County Commission" and that, because Plaintiffs fail "to sufficiently allege a policy or custom such that the Rockingham County Commission can be held liable under Section 1983," they have no cognizable claim against the Rockingham County Commission. [*Id.*]. Magistrate Judge Aboulhosn further states that Plaintiffs' Complaint "fails to set forth any factual allegations demonstrating deliberate indifference or reckless disregard for the alleged deficient training by Rockingham County Commission." [*Id.* at 57].

Finally, Magistrate Judge Aboulhosn finds that "because [Mr.] Perez has not demonstrated that his supervised release violation or any of his State court conviction[s] have been invalidated, [Mr.] Perez's Section 1983 claim is not cognizable pursuant to [*Heck v. Humphrey*, 512 U.S. 477 (1994)]." [*Id.* at 59]. Accordingly, he recommends that Mr. Perez's claims against Defendants Beger, Page, Tejeda, Underwood, Thompson, and Cockman be dismissed.

Here, too, Plaintiffs fail to object in a manner that alerts the Court to the specific grounds for objection, instead opting to reiterate generalized allegations unsupported by facts. Plaintiffs then argue that,

17

> [i]t is improper to dismiss claims against the defendants a year and half after the complaint was filed without requiring them to respond. It is arbitrary and capricious and will result in the deprivation of justice. The court should grant [Mr.] Perez's motion of in forma pauperis and serve those defendants so that they are required to respond to the complaint.

[ECF 36 at 14].

Insofar as these general conclusory statements do not alert the Court of the grounds for the objection, they need not be considered and are **OVERRULED**.

### IV.

For the foregoing reasons, the Court **ADOPTS** the PF&R [**ECF 32**], **GRANTS** Defendant Revis' Motion to Dismiss [**ECF 12**], **GRANTS** Defendants Mauney, Bersch, and Mosqueda's Motion to Dismiss [**ECF 21**], **DENIES** Plaintiff Perez's Application to Proceed Without Prepaying Fees or Costs [**ECF 11**], and **REFERS** the matter anew to Magistrate Judge Aboulhosn for further proceedings on Plaintiff Coleman's claims against Defendants Beger, Page, Tejeda, Underwood, Thompson, and Cockman.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party.

ENTER: March 28, 2025

Frank W. Volk
Chief United States District Judge