IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

DEANNA COLEMAN and
AUGUSTINE PEREZ,

    Plaintiffs,

v.                      CIVIL ACTION NO. 1:23-cv-01127

CHASE MAUNEY,
*Federal Probation Officer,*
SHERIFF SAMUEL SCOTT PAGE,
*Rockingham County Sheriff*,
ADAM D MOSQUEDA,
*DEA Task Force Officer*,
J TEJEDA,
C T UNDERWOOD,
L S THOMPSON,
J REVIS,
*Officer with the Reidsville Police Department,*
CHRISTOPHER BERSCH,
*Supervising United States Probation Officer*, and
KEVIN BERGER
*Commissioner of Rockingham County*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiffs Deanna Coleman and Augustine Perez's ("Plaintiffs") Objections/Motion to Amend/Alter and for Recusal if the Court is Unable to be Impartial [ECF 49], Motion to Alter or Amend [ECF 50], and Motion for In Forma Pauperis, to Order Court Issued Service of Summons, and to Recover Cost [ECF 51], all filed on September 5, 2025. Defendant J. Revis responded to Plaintiffs' Motion to Alter or Amend on September 26, 2025. [ECF 52]. The matter is ready for adjudication.

# I.

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed the first PF&R on January 31, 2025. [ECF 32]. The Court adopted the first PF&R on March 28, 2025, [ECF 42], granting Defendant Revis' Motion to Dismiss [ECF 12], granting Defendants Mauney, Bersch, and Mosqueda's Motion to Dismiss [ECF 21], denying Plaintiff Perez's Application to Proceed Without Prepaying Fees or Costs [ECF 11], and accordingly denying the Motions to Proceed *in forma pauperis* for the limited purpose of service of summons on the defendants [ECFs 24, 28] as moot. [ECFs 42, 44]. The Court referred the matter anew to Magistrate Judge Aboulhosn for further proceedings on Plaintiff Coleman's claims against Defendants Beger, Page, Tejeda, Underwood, Thompson, and Cockman. [ECF 42].

Plaintiffs instituted this action on December 29, 2023, by filing a pro se Complaint [ECF 1] and Memorandum in Support [ECF 2]. Among other things, the Plaintiffs sought multiple times to (1) proceed in forma pauperis, and (2) have the Court order a response and prepayment of costs for service of summons upon Defendants. The relevant filings include the (1) March 18, 2024, the Plaintiffs filed a Motion for Extension of Time to Obtain Waiver of Service of Summons [ECF 5], (2) April 4, 2024, the Plaintiffs filed a Motion to Request that the Defendants, or their Entity Pay for Service of Summons [ECF 10], (3) August 16, 2024, the Plaintiffs filed a Motion for the Court to Serve Summons [ECF 24], and (4) December 16, 2024, the Plaintiffs filed a Motion for the Court to Serve Summons [ECF 28]. Magistrate Judge Aboulhosn entered a second PF&R on August 18, 2025, [ECF 47], recommending the Court dismiss Ms. Coleman's Complaint against Defendants Berger, Page, Tejeda, Underwood, Thompson and Cockman for failure to timely serve

the Defendants. Plaintiffs object specifically to the dismissal, alleging they were not notified of the consequences of failure to timely serve defendants. [ECF 49 at 1–2].

**II.**

Federal law provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see Samples v. Ballard*, 860 F.3d 266, 272. Failure to file timely objections constitutes a waiver of de novo review and the petitioner's right to appeal the Court's order. *See id.*; *see also Thomas v. Arn*, 474 U.S. 140 (1985) (stating that review of a magistrate judge's factual or legal conclusions is not required as to those portions of the findings or recommendation to which no objections are addressed); *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). "Moreover, a general objection to a magistrate judge's findings is not sufficient [to trigger de novo review] -- 'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) (quoting *United States v. Midgette*, 478 F.3d 626, 621–22 (4th Cir. 2007)); *see Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held de novo review to be unnecessary . . . when a party makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations.").

3

# III.

### *A. Objections to the PF&R*

Plaintiffs assert dismissal is improper inasmuch as Ms. Coleman was not noticed her claims would be dismissed if she failed to timely serve the defendants. [ECF 49 at 1–2]. It is true that "trial courts are encouraged to liberally treat procedural errors made by pro se litigants." *Folse v. Hoffman*, 122 F.4th 80, 84 (4th Cir. 2024) (quoting *Bauer v. Commissioner*, 97 F.3d 45, 49 (4th Cir. 1996)). Our Court of Appeals has long recognized that "pro se litigants require additional information to comprehend the proceedings and fairly apprise them of what is required." *Milla v. Brown*, 109 F.4th 222, 233 (4th Cir. 2024) (citing *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975)); *see also Carter v. Hutto*, 781 F.2d 1028, 1033 (4th Cir. 1986); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985). However, "the 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990).

The *Federal Rules of Civil Procedure* require that if a defendant is not timely served, "the court--on motion or on its own *after notice to the plaintiff*--must dismiss the action without prejudice" unless the plaintiff makes a showing of good cause for the failure to effect service. Fed. R. Civ. P. 4(m) (emphasis added). In the instant case, it appears Ms. Coleman received neither notice nor an opportunity to show good cause for her failure to effect timely service.

More than two years have passed since the filing of the Complaint, and the Plaintiffs have shown exquisite familiarity with both the governing rules of procedure and our Court of Appeals' precedent. Nonetheless, Ms. Coleman was entitled to notice and an opportunity to make a showing of good cause for her failure to serve the defendants prior to dismissal.

Accordingly, Plaintiffs' Objection is sustained, and they are **NOTICED** that any showing of good cause by them must be electronically filed **on or before February 15, 2026**. The failure to act in accordance will result in the immediate dismissal of this action without further notice.

### B. *Plaintiffs' Motion for Recusal*

Plaintiffs next move for recusal under 28 U.S.C. §§ 144 and 455, "if [the Court] is unable or unwilling to cease the one-sided review." [ECF 49 at 10–11]. Section 144 applies only to the Bankruptcy Courts and is thus inapplicable. Title 28 U.S.C. § 455(a) applies instead, and requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test is an objective one, and "disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). The proper inquiry is "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." *United States v. Stone*, 866 F.3d 219, 230 (4th Cir. 2017) (quoting *Newport News Holdings Corp., v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011) (citing *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)).

Absent extraordinary circumstances, "a nonjudicial source must be present to raise the appearance of impropriety." *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993). Simply put, "[t]he nature of the judge's bias must be personal and not judicial." *Beard*, 811 F.2d at 827. A reasonable observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." *DeTemple*, 162 F.3d at 287. "A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational, or highly tenuous

speculation.'" *Cherry*, 330 F.3d at 665 (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir.1998)).

Section 455(b) outlines circumstances requiring recusal, with our Court of Appeals noting that "§ 455(a) and § 455(b)(1) carry an 'extrajudicial source' limitation." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 545, 545–51 (1994)). In other words, "the bias or prejudice must 'result in an opinion on the merits [of a case] on some basis other than what the judge learned from his participation in the case.'" *Id.* In applying the extrajudicial source limitation, the Supreme Court has recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Without more, judicial rulings "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.*

Plaintiffs have presented no material facts highlighting any extrajudicial source of bias. Instead, they point almost entirely to the judicial rulings alone. Mr. Perez's declaration makes broad accusations, including that the Court arbitrarily denied his application to proceed in forma pauperis, and that it "cherry-picked which case law to apply and which to ignore to reach the desired conclusion." [ECF 49 at 15]. These accusations fall squarely within the "unsupported, irrational, [and] highly tenuous speculation" that decidedly do not require recusal. *Cherry*, 330 F.3d at 665. Accordingly, the Motion for Recusal is **DENIED**.

### C. Motion to Alter or Amend

Along with their objections, Plaintiffs filed a Motion to Alter or Amend Judgment. [ECF 50]. The Motion is an exact replica of the Motion to Alter or Amend Judgment filed on April 22, 2025. [ECF 45]. Plaintiffs misunderstand the Court's conclusion in its Order denying the first

6

Case 1:23-cv-01127-FWV-OJA    Document 53    Filed 02/03/26    Page 6 of 8

Motion to Alter or Amend. [ECF 46]. Specifically, they fail to appreciate the Court in fact reviewed the motion under the proper rule, despite Plaintiffs' inappropriate use of Rule 54(b). [*Id.*]. No Judgment has been entered and, accordingly, a motion under Rule 54(b) remains inappropriate. Nonetheless, the Court already reviewed the merits of the arguments under Rule 59. [*Id.*]. The Court found them meritless in its prior order, and its conclusion remains the same. Plaintiffs have proffered no new theories, arguments, or case law in support of reconsideration. Instead, they mustered the exact same brief the Court earlier found meritless. Accordingly, the Motion is **DENIED**.

### D. Motion for Court Issued Service of Summons

Plaintiffs additionally filed another Motion for In Forma Pauperis, to Order Court Issued Service of Summons, and to Recover Cost. [ECF 51]. The Court earlier denied Mr. Perez's application to proceed *in forma pauperis*. [ECF 42]. Accordingly, the Court denied the earlier Motions for the Court to Serve Summons on the Defendants [ECFs 24, 28] as Moot. [ECFs 43, 44]. Inasmuch as the Court has already denied the above motions, the instant Motion is **DENIED**.

### E. Plaintiffs' Accusations Against the Court

Plaintiffs were previously cautioned to desist in their incivility. For example, they cast various aspersions upon Magistrate Judge Aboulhosn. [ECF 42 at 7 n. 1]. Unfortunately, the ad hominem attacks persist. *See, e.g.,* [ECF 49 at 1]; [*id.* at 3]; [*id.* at 6 n. 4].

*The Plaintiffs are **NOTICED** that any recurrence will result in monetary sanctions, a prefiling injunction, or both, to remedy the misconduct.*

7

Case 1:23-cv-01127-FWV-OJA    Document 53    Filed 02/03/26    Page 7 of 8

## IV.

For the foregoing reasons, the Court **SUSTAINS** the Plaintiffs' Objections [**ECF 49**], **DENIES** Plaintiffs' Motion for Recusal [**ECF 49**], **REJECTS** the PF&R and **ORDERS** the case be **REFERRED** anew to Magistrate Judge Aboulhosn under the terms of the original referral order. Plaintiffs' Motion to Alter or Amend [**ECF 50**] is **DENIED**, and Plaintiffs' Motion to Proceed in Forma Pauperis [**ECF 51**] is **DENIED**.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: January 30, 2026

Frank W. Volk
Chief United States District Judge